Good morning, Your Honors. May it please the Court, this is Edward Zas, and I represent Christopher Moore. I'd like to focus my argument, if I may, on the factual error committed by the District Court here. It's undisputed that Mr. Moore's overall term of imprisonment is 384 months. That's 324 months on the drug count plus 16 months consecutive on the 924C count. But the District Court erroneously stated twice in its decision-denying reconsideration that the overall term of imprisonment is 324 months, which the Court deemed sufficient punishment. The question before this Court is whether to overlook this error and simply affirm, as the government requests, or whether to remand for further proceedings. We believe the just and the prudent course is to remand. If the mistake was simply a lack of precision, as the government suggests, it will take only a few minutes for the District Court to say so. But if the mistake was not just a slip, Mr. Moore may be serving extra years in prison unnecessarily. And there's really only one way to know whether the mistake was a serious one or just some momentary confusion, and that's to ask the District Judge. This Court has often noted that where an error may have influenced a sentencing decision, the Court should not risk leaving in place a sentence that may be materially higher than the one that would have been imposed without the error. That's the heart of the moment. Mr. Zapp, this is Judge Carney. So, Judge Garifuss had already reduced Mr. Moore's sentence on an earlier occasion, and he had no obligation to reduce it further. The only moving part in the sentence was, as I understand it, he went from life to 420 months to 384 total, or 324 for the moving part. In each of those sentences, the 60-month consecutive was mandated. So the only thing warranting the District Court's attention and that the District Court was free to act on was the 324 months. So I'm finding it a little difficult to think that the District Court really misunderstood, and that it was anything other than a slip of the tongue. Could you help me with that? I'm saying why we should really, you know, think it worth sending it back for clarification. Yes, Judge Carney. I think you've described the history accurately. Judge Garifuss in 2015 got everything right. I mean, he recognized that Mr. Moore was serving a 324-month sentence plus 60 months for the 924C, but in his decision now that's on appeal, the 2019 decision, what's kind of baffling, and frankly I don't know the answer, but he does clearly state on two separate occasions in this short, so a four-page decision, he describes the 324 months as the overall term of imprisonment. And that's just not right, I think, as the government agrees. I'm going to interrupt for just a second. I'm looking at A122 of his opinion. Again, he's focusing defendants filed a motion for reconsideration of the resentencing decision, asking the court to re-sentence defendant to 292 rather than 324, and he concludes that by saying this doesn't alter the court's determination that 324 months is an appropriate term of imprisonment. I think that the statement is made in the context of the request to reduce the only element of the sentence that the district court had discretion to change, and so I find it difficult to read it as really the overall term of imprisonment. He refers back to the 2015 decision and refers to this prior reduction and the sentence the defendant again requests here was not warranted. He was so familiar with the case, and it's true that in the last page he said that a sentence of 324 is an overall term that is sufficient, but again, it seems to me that he's just focusing on the only moving part and the only element that the defendant had asked for any movement as to. On abuse of discretion review, with the defendant not entitled to anything further and the court being so definitive about rejecting the requested reduction, I'm not sure that we should take the district court's time with further proceedings. Although I acknowledge that it's time and one wouldn't want to have any doubt. Yes, I mean, Judge Carney, I'm sympathetic to the question, and I've wrestled with this opinion myself trying to look for some sign to give me comfort that the court actually does understand everything perfectly, but I'm looking first on page 121 of the appendix, which is page 2 of the court's decision. There he notes that toward the middle of the page that the court reached its decision after determining that a sentence of 324 was, quote, an overall term of imprisonment that's sufficient, and then he repeats the same thing on 123 of the appendix. And, you know, the court never decided that a 324 was an overall term of imprisonment that's sufficient. What the court decided was that a term of 384 was sufficient. That was the 2015 opinion, and I cannot tell you, even though I'm an advocate, I can't tell you that the judge is misunderstanding. I can just tell you that what he says here is factually incorrect. And since the judge says it twice, and since it doesn't seem to be a typographical error, the government's not saying that he meant to type 8 instead of 2. They're just saying, you know, it just must be some kind of imprecision, but it's not imprecision. It's not like he's just getting it off by a couple of months. This is a five-year difference. Once again, at the top of 122, he's responding to the defendant's motion, asking for the court to resentence the defendant to 292 rather than 324. So let me address that. Yeah, because it seems the whole conversation is just setting aside the five years consecutive that was mandatory and that wasn't subject to the dialogue between the defense and the court. Yes, yes, and no one's suggesting that the court had the power to modify the 924C sentence. That wasn't in play. But what the defense was asking for here, when it says 292, it's asking for 292 plus the 60. It's just not talking about the 60 because the 60's not directly, you know, can't be reduced. But under the Supreme Court's decision in Dean, which came down I think in 2017, and this court's decision which acknowledged in light of Dean that a court can reduce an underlying sentence in light of a 924C mandatory minimum, what the court should have done was to say, looking at the drug sentence in light of the whole thing, in light of the 384, what's the appropriate total term? In other words, should it remain at 384 or should the judge reduce the 324 to come out with the right amount? And what's troubling to me is that the court, for whatever reason, it's maybe an oversight, it may be that a reconsideration decision doesn't necessarily get the same attention as the principal ruling, but the court is overlooking something and it's something important that the overall term is 384. Let me just ask, did the defense motion ever frame it that way? Well, no, I don't think they ever framed it in the sense that they never talked about the 60 months on top. They never alerted the judge, neither side for that matter, talked about Dean or this court's intervening decision in Brown that sort of made explicit that you could adjust the drug sentence in light of the 924C. But I suggest that the prudent court, something that may take a few minutes at most, is to just direct the district court's attention to this inconsistency, just say it gives us pause and to just make that if Mr. Moore really has to do the extra five on top of the 324, that that's exactly what the judge intended, not that it may have been a mistake. Thank you. You've reserved two minutes of rebuttal and your time has expired. Thank you for your attention. Thank you very much. We'll hear from the government. Mr. Pitluck? Yes, thank you, Your Honor. Good morning. My name is David Pitluck. I'm an assistant United States attorney in the Eastern District of New York. May it please the court, I represent the government in this matter. Your Honor, I think Judge Carney, you hit exactly the issue right on the head. I would note that a few things that are that are overlooked by the defendant in both his papers and here today. The first is that Judge Garifuss very clearly referenced that a consecutive sentence of 60 months was imposed on top of the sentence for the narcotics conviction, which is what he was considering in the opinion in detail, whether to reduce that 324 month sentence, because he couldn't touch the 61 sentences, as Your Honor pointed out. And the entire opinion is focused, as it should, on the applicability of whether that sentence should be changed in light of the defendant's motion. And the only thing that the government can see is arguably imprecise is the courts, the district court's quote, in which they use he used the term overall term of imprisonment. It's not a random term that the judge used. It's a citation to his past opinion. And if you look at the citation, which I'm sure the court did, it very specifically that same sentence represents references the 60 month mandatory minimum on top of it. I think Judge Katzmann has that question for you. I'm sorry. Go ahead, Judge, please. That's technically incorrect. Why isn't your adversary correct at the district court? You agree that the district court described 324 months as his overall terms of imprisonment, right? You agree that when, of course, I would I would agree that I'm on the narcotics. Yes, Judge. When the total sentence is 384 months. Yes, the total sentence is 384 months. Yes. So why not remand the district court to clarify what it meant here if it only takes a couple of minutes? Well, your honor, I think I think every case, I think, first of all, is Judge Carney. Posited it would be a waste of Judge Garifuz's time and this court's because it's very clear that the judge knew the 60 month term was was applicable. And the notion that the judge who had issued at least two separate opinions related to the sentence somehow thought that he was reducing the total. The drug sentence by 60 additional months was it was a mistake, I think, is is incorrect, particularly when the same the same opinion that he's citing notes, the applicability of the 60 month on top of the drug conviction. So it's certainly imprecise that he should have said cited the whole provision to make clear that the 60 month apply. But he did that on page two of his opinion. Appendix 121 at the top. So I just I think that there is there's certainly every district court decision has some sort of language that lawyers on the appellate side would like to make clear. But I don't think this is one that requires going back to the judge and saying, what did you mean? Because I think it's very clear he's addressing the drug conviction. Well, it's still it's still literally read, but Judge Garifuz writes is that 324 represented the overall term of imprisonment that he was reinforcing, I guess, in his motion for reconsideration. And if it's so that he could have taken into account in a more kind of holistic way, the fact of the five year mandatory consecutive in and the effect of the First Step Act in reducing the effect of mandatory minimum and stacking provisions. You know, he wasn't looking at those holistically reading his considerations, reported his consideration. And if there's any ambiguity, this five years of Mr. Moore's life, is there really that much harm in remanding? Judge, I think, obviously, a limited Jacobson remand for purposes of determining whether the court's opinion is clear is obviously nobody wants a defendant to serve more than than what the judge intended. I 100 percent agree with that notion. I just don't think that it is at all unclear from this opinion. But a very limited Jacobson remand to have the judge say, yes, I intended to apply the 60 months on top of that is important. And I've gotten dissent from the defendant's papers that that's not all he's asking for. And I don't think that's a that's. Inappropriate to say to the judge, what did you mean? But, you know, it's obviously takes more resources. It takes more of the court time. And quite frankly, it takes more time to resolve the appeal that Mr. Morris had pending now for over a year. But I agree with you. We don't want anybody to be serving more time than they should. And unless the court has any other questions, I don't have any other issues I need to raise. Thank you very much, Mr. Cadillac. We'll hear Mr. Zed two minutes of rebuttal. Your Honor, I don't think I have that much to rebut. But I was happy to hear. Agree that there really shouldn't be any doubt when there's an ambiguity. Mr. Cadillac says that you're asking for more than clarification. Are you? No, we're not asking for more than clarification. I think in situations like this, the court has generally had to choose between what's typically called the Jacobson remand. You know, the court retains jurisdiction and just asks the judge a very precise question. You know, did you understand the overall term was 384 rather than 324? The other way to go is for more of a plenary remand where the court can consider not just that question, but Judge Carney, as you pointed out, the holistic endeavor of how does the 924C consecutive sentence play into that? I would prefer, I think it would serve justice better to have a plenary remand to reconsider what's the appropriate sentence in light of everything. Particularly since we have a pandemic that the court has never had the chance to consider. And since, as I pointed out earlier, no one ever brought to the court's attention the 924C component in light of Dean. You haven't moved for compassionate release, and I take it you're reluctant to file yet a, I guess it would be third or fourth, third 3582C motion? You'd rather have it continuing proceeding. Yes, I may be reluctant. My client may not be reluctant, but I've persuaded him, I think, correctly that right now, because this court has jurisdiction, it would not be worth starting a whole new motion to try to get an indicative ruling from the judge when we're hopeful that the court will at least see our way on the remand. So the bottom line is I don't want to overreach, but there is a temptation sometimes when the court grants a Jacobson remand, when it's a very narrow question for the judge to just respond reflexively and say, oh, of course I understood. And I have no doubt that Judge Garifas will faithfully try to answer the question. But I think sometimes the appearance of justice may better be served by just saying, look, it's now many years later. There's a pandemic. There's an inconsistency. We just remand for further consideration. And the parties, I think, usually are entitled to submit some briefing before the court resolves. One more clarification. The pandemic, I mean, are there any circumstances that you're aware of right now under which he would be entitled to or would have a good claim to immediate release? I'm not sure of that, Your Honor, because the situation is changing. I think it would be questionable whether he could establish independently extraordinary, compelling reasons under the First Step Act. But I think if the question for Judge Garifas is, look, there's this inconsistency in your opinion. Take another look in light of what is – both sides agree for all term, which is 384. And whatever the current situation is, I think that would be an appropriate remand. But again, I do not want to overreach and ask for too much. Certainly, any remand is preferable to an affirmance. Very good. I think we have the argument. Thank you both. Appreciate your arguments. We'll reserve decision. Thank you, Judge. Thank you. Thank you.